UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE No.

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DENISE RIGHETTI a/k/a DENISE RAFF;
MICHAEL RIGHETTI; FLAGSTAR BANK,
N.A.; and ASSET ACCEPTANCE, LLC,

    Defendants.
_____/

## COMPLAINT TO FORECLOSE LIEN

The United States of America, by and through undersigned counsel, for its complaint herein, alleges as follows:

1. This is an action brought by the United States to foreclose a criminal restitution judgment lien entered in favor of the United States against Defendant Denise Righetti ("Righetti") a/k/a Denise Raff.

2. This action is brought pursuant to 28 U.S.C. §§ 2001-2003 and 18 U.S.C. §§ 3613 and 3664.

3. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1345. Venue is proper in this Court under 28 U.S.C. § 1391.

4. The real property upon which the United States seeks to foreclose its lien consists of a parcel situated in Palm Beach County, Florida and described as follows:

> **Real property located at 130 SW 12 AVE, BOCA RATON, FLORIDA 33486**, more particularly described as:

> Lot 17, Block 14, BOCA RATON SQUARE UNIT 3, according to the map or plat thereof, as recorded in Plat Book 26, Page 38, of the Public Records of Palm Beach County, Florida.
>
> Tax Parcel ID No. 06-42-47-25-03-014-0170.

5. Defendants Denise Righetti a/k/a Denise Raff and Michael Righetti are residents of Palm Beach County, Florida and own the subject property.

6. Defendants Denise Righetti a/k/a Denise Raff and Michael Righetti owned the subject property at the time of judgment and at the time that the criminal restitution judgment lien was recorded. A copy of the Warranty Deed is attached as Exhibit A.

7. In July, 2021, Denise Righetti a/k/a Denise Raff and Michael Righetti executed a Marital Settlement Agreement wherein they agreed, in pertinent part, that Denise Righetti would execute a deed, which would remain in escrow status with Steven Serle until Michael Righetti pays Denise Righetti an equalization payment in the total amount of $87,500.00. Following Michael Righetti's full payment to Denise Righetti, Serle is required to release the deed to Michael Righetti. A copy of the Marital Settlement Agreement is attached as Exhibit B.

8. Defendant Flagstar Bank, N.A. may claim an interest in the subject property by virtue of a Mortgage from lender K & B Capital Corp., recorded in Official Records Book 29237, Page 1854, of the Public Records of Palm Beach County, Florida; Assignment of Mortgage to Flagstar Bank, FSB, recorded in Official Records Book 29998, Page 56 of the Public Records of Palm Beach County, Florida; and Affordable Modification Agreement, recorded in Official Records Book 30939, Page 1366, of the Public Records of Palm Beach County, Florida. *See* Composite Exhibit C. Any right, title, or interest of Defendant Flagstar Bank, N.A. is junior, subordinate, and inferior to Plaintiff's lien.

9. Defendant Asset Acceptance, LLC may claim an interest in the subject property by virtue of a Final Judgment After Stipulated Agreement entered on September 9, 2014 and recorded in Official Records Book 29256, Page 0104, of the Public Records of Palm Beach County, Florida. *See* Exhibit D. Any right, title, or interest of Defendant Asset Acceptance, LLC is junior, subordinate, and inferior to Plaintiff's lien.

### **Foreclosure of Criminal Restitution Judgment Lien**

10. On January 4, 2007, Defendant Righetti pleaded guilty to conspiracy to commit mail fraud and wire fraud in violation of 18 U.S.C. § 317 in Case No. 06-CR-20514-GRAHAM (S.D. Fla.) and was sentenced to imprisonment for a term of fourteen (14) months, three (3) years of supervised release, restitution in the amount of $533,650.00, plus statutory interest, and an assessment in the amount of $100.00. *See* Exhibit "E".

11. On December 13, 2016, the United States recorded a Notice of Lien for Fine and/or Restitution Imposed Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 in Official Records Book 28766, Page 667, of the Public Records of Palm Beach County, Florida. *See* Exhibit "F".

12. As of January 24, 2025, the outstanding balance of Defendant Righetti's restitution is $503,638.79, plus statutory interest.

13. The federal criminal restitution judgment lien attaches to and encumbers Defendant Righetti's interest in the subject property and can be foreclosed.

14. To date, Defendant Righetti has neglected, failed and/or refused to pay the full amount of the criminal restitution debt secured by the criminal restitution judgment lien. Prior to the filing of this suit, Plaintiff gave Defendant Righetti notice of the obligation and demanded payment of the same.

WHEREFORE, Plaintiff, the United States of America, prays for the following relief:

A. That this Court determine the priority of all claims to and liens upon the subject property and adjudicate the lien of the United States as superior to all other interests;

B. That this Court adjudge and decree that the restitution judgment lien of the United States be foreclosed against the subject property, that the property be sold by public sale or by a court-appointed receiver free and clear of the liens and claims of all parties having an inferior interest in the property, and that the net proceeds of the sale be distributed in accordance with the priority determined by the Court; and

C. That the United States be granted its costs incurred in this action, and that the Court grant such other and further relief as justice requires.

Dated: February 4, 2025                               Respectfully submitted,

                                        HAYDEN P. O'BYRNE
                                        UNITED STATES ATTORNEY

By:   /s/ Lauren Bluestein
Lauren Bluestein
Assistant U.S. Attorney
Fla. Bar No. 95889
United States Attorney's Office
99 N.E. 4th Street, Suite 300
Miami, Florida 33132-2111
Tel No. (305) 961-9323
E-mail: lauren.bluestein@usdoj.gov
Counsel for United States of America